By the Court.
 

 This is an action in
 
 quo warranto
 
 instituted in this court, wherein the relator seeks induction in the office of city attorney of the city of Columbus.
 

 While the pleadings and briefs of counsel are very voluminous and show the use of time and ability in the preparation of the case, the salient facts fall within a very narrow compass. These are presented by the petition, the amendment thereto, the answ'er, and reply. What we regard as the material and conceded facts may be briefly stated. Charles A. Leach had been elected city attorney of Columbus for a term ending December 31, 1929. On November 5, 1929, at a regular municipal general election, he was re-elected to that office for a further term of four years beginning January 1, 1930, and gave no bond, took no oath of office, and did not
 
 *471
 
 qualify for that term. On November 18, 1929, and prior to the expiration of his term ending December 31, 1929, Leach tendered his written resignation to the city council, “effective immediately.” On the same day the city council met and unanimously accepted his resignation; and on the same day the city council, by a vote of four to three, appointed the defendant, John L. Davies, to succeed Leach as city attorney; and on the next day, to wit, November 19, 1929, Davies qualified by giving bond and taking the oath of office. On January 1,1930, Leach advised the mayor in writing that he would not qualify for his newly elected term beginning January 1, 1930, and this was communicated to the city council on the following day.
 

 Since we conceive the foregoing conceded facts to be dispositive of this case, we find it unnecessary to revert to the occurrences thereafter, resulting in the mayor’s reappointment of Davies, or to the action of the city council in its later appointment of the relator.
 

 Section 78 of the city charter stipulates that if the city attorney resigns during his term “his successor in office shall be appointed by the council to serve until the first day of January following the next regular municipal election.”
 

 It is urged by counsel for the relator that this charter provision did not contemplate unusual vacancies such as occurred in this case; that it did not embrace the power of the filling of a vacancy occasioned by the failure of an elected officer to qualify for a new term. Said charter provision clearly, and by broad and comprehensive terms, confers upon the appointee an appointment until
 
 *472
 
 the “first day of January following the next regular municipal election,” and we cannot construe the charter provision by reading into it the implication contended for by counsel for relator. Were we permitted to deal in implications, we could as well imply that this charter provision contemplated vacancies of every character that might arise, including the present situation, where the vacancy was occasioned by the failure of an elected city attorney to qualify. Moreover, we are unable to find any authority, other than that conferred by said Section 78, explicitly authorizing the exercise of council-manic appointment in this particular situation. That section is constitutionally valid.
 

 Kinkade, Jones, Matthias, Day and Allen, JJ., concur in the foregoing.
 

 Again: When Leach resigned his office on November 18, 1929, he of course resigned his existing term ending December 31, 1929. Davies then stepped into Leach’s shoes, became city attorney
 
 de jure,
 
 and was invested with all the holdover rights that Leach possessed had he remained in office, including the right to hold over until his successor was elected and qualified.
 

 Kinkade, Robinson, Jones, Matthias and Day, JJ., concur in the judgment for the further reason that, having been appointed and being in office as Leach’s successor under his appointment of November 18,1929, Davies continued to hold over until such time as his successor was chosen at a future election.
 

 There has been no abandonment of his office or of his claim thereto on the part of the defendant. Whatever was done by him after his November ap
 
 *473
 
 pointment, and whatever efforts to retain his incumbency he may have made thereafter, were acts performed under the dictates of prudence and for the purpose of securing rather than abandoning the office and his status therein. The wirit will be denied.
 

 Writ denied.
 

 Marshall, C. J., concurs in the judgment.